IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Doni Terrele Anderson, | C/A No. 2:22-1032-CMC |
| Petitioner, | |
| v. | Order |
| Warden Kenneth Nelson, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report").

Respondent filed a motion for summary judgment, as well as a return and memorandum of law on September 14, 2022. ECF Nos. 20, 21. A *Roseboro* Order was mailed to Petitioner, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 22. Petitioner filed a response in opposition to summary judgment, and Respondent filed a reply. ECF Nos. 27, 28. Petitioner filed a sur reply and a supplement to his sur reply. ECF Nos. 29, 30.

On July 7, 2023, the Magistrate Judge issued a Report recommending Respondent's motion for summary judgment be granted. ECF No. 31. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. After an extension of time, Petitioner filed timely objections. ECF No. 36.

**Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**Discussion**

In his § 2254 petition, Petitioner alleges trial counsel was ineffective for (1) failing to inform him of his right to appeal from a guilty plea; (2) failing to investigate the effects of the drug Celexa, which Petitioner asserts he was taking when he committed the crime, made a statement to law enforcement, and entered his plea; and (3) failing to investigate the circumstances surrounding the confession, which Petitioner asserts was involuntary because he did not understand his rights and was taking Celexa. The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing this case. ECF No. 31. Specifically, the Report recommends dismissal because the petition is barred by the statute of limitations and fails on the merits and, in addition, Ground One is procedurally defaulted.

Petitioner objects only to the conclusions of the Report as to his claims regarding Celexa. ECF No. 36. He asserts trial counsel failed to present evidence of the side effects of Celexa, to call an expert, and to hire a social history investigator for grounds for mitigation. *Id.* at 2. He notes PCR counsel was also ineffective for failing to properly present this issue, referencing *Martinez*. Attached to the objections are several pages detailing the possible side effects of Celexa.

Petitioner did not object to the portions of the Report finding the Petition was untimely or on the merits of Ground One. Those portions of the Report are therefore reviewed for clear error, and, finding none, the court adopts those portions of the Report.

In an abundance of caution, despite finding the Petition is untimely, the court will address Petitioner's allegations of error. His objection regarding Celexa encompasses Grounds Two and Three. He also referenced *Martinez*, which may be an attempt to avoid procedural default on Ground One.

The Magistrate Judge discussed procedural default and *Martinez v. Ryan*, 566 U.S. 1 (2012), in her Report. ECF No. 31 at 14. In his objections, Petitioner makes the argument his PCR counsel was ineffective for not properly presenting his argument regarding Celexa in the PCR application. If that is the case, his procedural default could be excused under *Martinez*, which held "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. Petitioner would have to meet the standard in *Strickland v. Washington*, 466 U.S. 668 (1984) to show his counsel was ineffective. However, his one sentence objection that PCR counsel was ineffective is insufficient to meet this standard. He has not shown his PCR counsel's performance "feel below an objective standard of reasonableness," or that he was prejudiced by the performance because the result of the proceeding would have been different. *Id.* at 694. Accordingly, the court

3

overrules Petitioner's objection regarding PCR counsel's alleged ineffectiveness under *Martinez*, and thus finds Ground One was procedurally defaulted.

On Grounds Two and Three, Petitioner argues "trial counsel failed to adequately investigate and initiate case for mitigation, and present evidence of the drug Celexa side effects," failed to obtain medical records before the plea and to call an expert in the field, as well as a social history investigator. ECF No. 36 at 2. These grounds were considered by the PCR court on the merits, and so this court must apply a highly deferential standard of review. 28 U.S.C. § 2254(d). The PCR court held an evidentiary hearing and Petitioner testified, including that he was under the influence of Celexa at the time of his arrest and statement to law enforcement, but not when he entered his guilty plea. The PCR court found Petitioner's claim of ineffective assistance of counsel failed, in pertinent part because he did not testify the side of effects of Celexa caused him not to understand what he was doing or affected his ability to reason. ECF No. 31 at 18-20 (citing ECF No. 20-1 at 42-97).

The court agrees with the Magistrate Judge the PCR Court's holdings were not an unreasonable determination of the facts or contrary to federal law. Further, nothing in Petitioner's objections changes this conclusion. Petitioner does not say or produce evidence he was *affected by* Celexa when he committed the crime, was arrested, or made his statement, or how his strategy in the trial court would have changed had counsel acted differently. Therefore, Petitioner's objections regarding Grounds Two and Three are overruled.

## Conclusion

For the reasons above, after *de novo* review of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with

the findings and conclusions of the Magistrate Judge. Accordingly, the court adopts the Report, grants summary judgment for Respondent (ECF No. 21), and dismisses the Petition with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
August 29, 2023